**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grady and Jennifer Grady, | No. CV 12-2507-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Tri-City National Bank, | |
| Defendant. | |

Pending before the Court is Plaintiffs' request for a temporary restraining order (Doc. 23). This case arises following a Trustee's Sale of Plaintiffs' residence. A forcible entry and detainer action was filed in state court, and a writ of eviction issued following a hearing in that action. Plaintiffs now seek to have this Court enjoin the execution of that writ.

Plaintiffs premise their motion on two legal theories: lack of notice of the Trustee's sale and the tort of wrongful foreclosure. Plaintiffs rely on *Martenson v. RG Financing*, 2010 WL 334648 (D. Ariz. Jan. 22, 2010) and *Schrock v. Federal Nat'l Mortgage Assn.*, 2011 WL 3348227 (D. Ariz. Aug. 3, 2011) for these theories. However, in *Madison v. Groseth*, 279 P.3d 633, 638 ¶15 (Ariz. App. 2012), the Arizona Court of Appeals held that failing to obtain an injunction prior to the Trustee's sale "waives all defenses and objections to the sale." Thus, *Madison* calls into doubt both of these district court holdings.

To decide the request for a temporary restraining order in this case, however, the Court need not decide the scope of *Madison.* This Court need not reach this issue because

this Court does not have jurisdiction to hear claims that are, in effect, appeals of cases decided by state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). For this Court to enjoin the state court's decision in the forcible entry and detainer action, this Court would be acting as an appellate court over the state court. Therefore, this Court will not enter the injunction.

Additionally, even if the state court's order has not reached final judgment, "*Younger v. Harris*[], and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.". *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). For the same reasons as the *Rooker-Feldman* doctrine, this Court cannot, consistent with the *Younger* abstention doctrine, enter an injunction enjoining the state court from enforcing its own writ of eviction on a matter of purely state law.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' motion for temporary restraining order (Doc. 23) is denied;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to exceed page limit (Doc. 18) is granted to the extent that Doc. 16 is deemed to be properly filed; and

**IT IS FINALLY ORDERED** that Defendant's motion to exceed page limit (Doc. 22) is granted to the extent that Doc. 21 is deemed to be properly filed.

DATED this 19th day of February, 2013.

James A. Teilborg
United States District Judge