**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grady and Jennifer Grady, | No. CV 12-2507-PHX-JAT |
| Plaintiffs, | **AMENDED ORDER** |
| vs. | |
| Tri-City National Bank, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss and motion for sanctions. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(b) arguing that Plaintiffs fail to state a claim. In the Complaint, Plaintiffs allege four causes of action: 1) Wrongful Foreclosure (Doc. 1 at 42-46); 2) Wrongful Disclosure (*Id*. at 46-47); 3) Declaratory Judgment (*Id*. at 47); and 4) Quiet Title (*Id*. at 49-50).

**I.   Background**

Bank of Elmwood made a loan on Plaintiffs' primary residence on September 5, 2008. Doc. 5 at 2. Plaintiffs allege that they can recover from Bank of Elmwood under various legal theories based on this transaction. In July 2009, Plaintiffs filed suit against Bank of Elmwood. *Id*. On October 9, 2009, Plaintiffs obtained an injunction to prevent Bank of Elmwood from proceeding with the Trustee's sale of their residence in Arizona state court. *Id*. As a result of this injunction, the Trustee sale was cancelled. Doc. 21 at 9; Doc. 16 at 11.

On October 23, 2009, the Federal Deposit Insurance Company ("FDIC") took the Bank of Elmwood into receivership. Doc. 5 at 3. Thereafter, the FDIC transferred the loan

in this case to Defendant Tri-City National Bank. *Id.* On May 10, 2012, Defendant noticed a Trustee Sale of the residence. *Id.* at 5. The sale occurred on October 25, 2012. *Id.* at 7.

## II. Legal Standard

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for either of two reasons: 1) lack of a cognizable legal theory or 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). With regard to the second reason, to survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## III. Discussion

Generally, under Arizona law, a borrower waives all claims and defenses relating to his or her mortgage if the borrower does not obtain an injunction to stop the Trustee sale by 5:00 p.m. the day before the sale occurs. A.R.S. § 33-811(C); *Madison v. Groseth*, 279 P.3d 633, 638 ¶15 (Ariz. App. 2012). Here, Plaintiffs obtained an injunction before the 2009 sale, but not before the 2012 sale. Defendant argues that § 33-811(C) bars all of Plaintiffs' claims. Plaintiffs argue that each of the four claims in the complaint survive § 33-811(C)'s waiver provisions.

### A. Wrongful Foreclosure

Plaintiffs' first cause of action is captioned as a wrongful foreclosure claim. Within that general claim, Plaintiffs have two theories of how Defendant committed wrongful foreclosure. First, Plaintiffs argue that Defendant failed to give the notice required by their contract. Second, Plaintiffs argue that Defendant failed to comply with A.R.S. § 33-807.01.

Previously, this Court recognized the tort of wrongful foreclosure under Arizona law. *Schrock v. Federal Nat'l Mortgage Assn.*, 2011 WL 3348227, *6 (D. Ariz. Aug. 3, 2011).

Further, this Court held that such tort was not subject to the waiver provisions of A.R.S. § 33-811(C). *Id*. Thereafter in *Madison v. Groseth*, 279 P.3d 633, 638 ¶15 (Ariz. App. 2012), the Arizona Court of Appeals held that failing to obtain an injunction prior to the Trustee's sale "waives all defenses and objections to the sale."  The Arizona Court of Appeals went on to state: "In sum, because Madison's tort claims depend on her objections to the validity of the trustee's sale, and she has waived those objections, her tort claims cannot survive as a matter of law. The trial court therefore properly dismissed Madison's complaint pursuant to Rule 12(b)(6)." *Id*.

Thus, *Madison* calls into question whether any tort claims, such as wrongful foreclosure, can survive the waiver provisions of A.R.S. § 33-811(C).[1] Additionally, because this Court has held that a wrongful foreclosure does not occur until there is a foreclosure, *Madison* further calls into question whether Arizona would recognize such tort (because if the tort cannot survive § 33-811(C), it would be futile to recognize it). *See Jones v. Bank of Am.*, 2010 WL 2228517, at *3 (D. Ariz. 2010) (holding tort of wrongful foreclosure is ripe only after a foreclosure has occurred); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) (noting, "that the Arizona state courts have not yet recognized a wrongful foreclosure cause of action.").

In this case, however, this Court need not decide whether this Court's holding in *Schrock* survived *Madison*. The Court reaches this result because, assuming for purposes of only this Order that the tort of wrongful foreclosure is available to Plaintiffs, they have failed to plead facts in support of such a claim.

In *Schrock*, this Court discussed the possible elements required to plead a claim for wrongful foreclosure. 2011 WL 3348227 at *6-8. This Court discussed the test used by the

---

[1] Generally, a claim for wrongful foreclosure sounds in tort. *See Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1042 (9th Cir. 2011). However, some states also permit plaintiffs to bring a wrongful foreclosure contract action. *Sears Mort. Corp. v. Leeds Bldg. Prods., Inc.*, 464 S.E.2d 907, 909 (Ga. App. 1995) (vacated in part on other grounds by *Leeds Bldg. Prods., Inc. v. Sears Mortg. Corp.*, 477 S.E.2d 565 (Ga. 1996)).

Courts in Nevada, California, Missouri and Texas, and, alternatively, the test used in Georgia. *Id.* at 7. This Court concluded that the *Schrock* plaintiffs stated a claim under either test, and did not decide which test the Arizona Courts would be most likely to adopt. *Id.* at 7-8.

In Georgia, the foreclosure must violate a specific Georgia statute to be wrongful. 55 Am. Jur. 2d Mortgages § 451, n. 2 (citing *McCarter v. Bankers Trust Co.*, 543 S.E.2d 755, 758 (Ga. App. 2000). Because such a cause of action is so intricately intertwined with Georgia's statutes, this Court finds it is unlikely that the Arizona Courts would adopt the Georgia test for wrongful foreclosure.[2]

Whether the Arizona Court's would adopt the Georgia test is significant because in all other jurisdictions surveyed by this Court, an element of a wrongful foreclosure claim is that the borrowers not be in default.[3] As this Court recounted in *Schrock*,

> Under Nevada law, a foreclosed party can state a claim for wrongful foreclosure if it can show "at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (citing cases from California, Missouri, and Texas).

*Schrock*, 2011 WL 3348227, *7.[4]

---

[2] *But see Herring v. Courtrywide Home Loans, Inc.*, 2007 WL 2051394, *5 (D. Ariz. July 13, 2007) (when recognizing the tort of wrongful foreclosure in Arizona, the district court used Georgia law for the test for when a wrongful foreclosure occurs).

[3] Conversely, under Georgia law, "A claim for wrongful exercise of a power of sale can be asserted even though a debt is in default." *Brown v. Freedman*, 474 S.E.2d 73, 76 (Ga. App. 1996).

[4] The requirement that the borrower not be in default also dictates the available remedies. *See* 55 Am. Jur. 2d Mortgages § 451 ("When a foreclosure is wrongful because no default giving rise to a right to sell exists, the mortgagor can: (1) let the sale stand and sue at law for damages; or (2) bring an equitable action to have it set aside. That is, the failure to properly foreclose on property gives rise to a cause of action for either the return of the property or for damages") (footnotes omitted).

- 4 -

In this case, Plaintiffs can make no such showing. Specifically, neither party disputes that Plaintiffs last made a payment on the property to the lender in December 2008. Doc. 5 at 2. Thus, using the Nevada, California, Missouri, and Texas test for wrongful foreclosure, Plaintiffs fail to state a claim. The Court notes that Plaintiffs argue that the payments they made to the Arizona Superior Court for a bond for the injunction back in 2009 somehow constitute payments. The Court disagrees. Moreover, even if the bond amount could be counted as "payments" on the note, such "payments" do not equate to enough money for Plaintiffs to not be in default on their note.

Accordingly, the Court finds that Plaintiffs cannot state a claim for wrongful foreclosure because on the undisputed facts in this record, they were in default on their loan obligations at the time of the foreclosure. Therefore, Plaintiffs wrongful foreclosure claim will be dismissed.

### 1. Lack of Notice

In the *Schrock* case, this Court recognized another post-foreclosure cause of action might be pursued if a borrower did not receive notice of the Trustee sale. 2011 WL 3348227 at *3-4; *see also Martenson v. RG Financing*, 2010 WL 334648, *8 (D. Ariz. 2010). Here, Plaintiffs do not dispute that a proper notice of trustee sale was recorded, pursuant to A.R.S. § 33-809 for the 2012 sale. Further, Plaintiffs do not dispute that they had actual notice of the Trustee sale. Instead, Plaintiffs argue that their particular contract had a provision that required the bank to give them a 30 day notice, to allow them to cure the default, (which had to include an amount due to become current) before initiating foreclosure proceedings. Plaintiffs argue that Defendant TCNB never gave this notice prior to the 2012 sale.

TCNB argues that prior to the 2009 noticed sale, Bank of Elmwood gave this notice. The Court finds that even assuming Bank of Elmwood gave this notice in 2009, it is inadequate for the 2012 sale. The Court makes this finding for three reasons. First, the 2009 sale was cancelled as a result of an injunction being issued; thus, a new notice following a cancellation would be required. Second, TCNB has made clear it is not a successor in any

- 5 -

sense to Bank of Elmwood;[5] thus, TCNB cannot have Bank of Elmwood actions attributed to TCNB for some purposes, but not all purposes. Third, the 2009 calculations of the amount due on the loan would not be accurate for a 2012 sale.

However, this is a classic breach of contract claim or defense to foreclosure that is waived by § 33-811(C) if an injunction is not issued before the sale. Specifically, § 33-811(C) states:

> all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 *shall waive all defenses and objections* to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. Mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33-811(C) (emphasis added).

Here, Plaintiffs' claim that the contract provisions were not complied with prior to the sale is a defense and objection to the sale that is covered by the waiver provisions of § 33-811(C). Accordingly, the Court finds that these contract obligations of Defendant that were not complied with prior to the sale have been waived by Plaintiffs because they did not obtain an injunction before the 2012 sale.

Plaintiffs claim that they are not bound by the waiver provision of § 33-811(C) under *Martenson*. In *Martenson*, the Court found that a claim of lack of notice of the Trustee sale could still be brought after the sale because § 33-811(C) did not waive a claim of lack of notice. 2010 WL 334648 at *9. While this Court has previously joined in the reasoning of *Martenson* — specifically that it is unlikely that a person who did not receive notice of the sale could be subject to the § 33-811(C) waiver provisions because a person who did not have notice of the sale could not obtain an injunction prior to the sale — it appears the Arizona Court of Appeals has directly rejected this reasoning. *Compare Schrock*, 2011 WL 3348227 at *3-4, *with Madison*, 279 P.3d at 637, ¶ 11.

Specifically, the Arizona Court of Appeals held that for the waiver of § 33-811(C) to

---

[5] *See* CV 11-2060 Doc. 122, Doc. 102 at 3, Doc. 80 at 2, Doc. 54, Doc. 47.

apply, notice did not need to be given to the trustor/borrower. *Madison*, 279 P.3d at 637, ¶ 11. The Court of Appeals explained its reasoning as follows:

> We reject [the borrower's] assertion that § 33–811(C) does not apply to bar her tort claims because the [Trustee's agent] failed to prove that Executive Trustee mailed her notice of the trustee's sale. The plain language of § 33–811(C) does not require the trustee to comply with the mailing requirements of § 33–809 for the waiver provision to apply later to the trustor. *See Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc.*, 217 Ariz. 606, 608, ¶ 6, 177 P.3d 867, 869 (App.2008) (holding court looks first to the plain language of a statute to discern legislative intent). Compliance with § 33–809 is only required to apply the waiver provision to other persons who must be given notice pursuant to that statute. A.R.S. § 33–811(C). Although § 33–809(C) mandates service on trustors, we decline to interpret the reference to § 33–809 in § 33–811(C) as requiring service on trustors as a prerequisite to application of the waiver provision; this interpretation would render the separate reference to the "trustor" in § 33–811(C) superfluous. *Devenir Assocs. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991) ("The court must, if possible, give meaning to each clause and word in the statute or rule to avoid rendering anything superfluous, void, contradictory, or insignificant.").

*Id.*[6]

---

[6] Following this notice discussion, the Court in *Madison* goes on to state, "We recognize that, under other circumstances, § 33–811(C) may apply to deprive a trustor of due process if that trustor is not given sufficient notice of the trustee's sale to obtain an injunction of the sale." 279 P.3d at 637-38, ¶ 12. In a non-judicial foreclosure state, such as Arizona, where the trustee, who is a private individual or company, conducts a sale for a lender that is a private bank, the Court does not see the "state actor" in the transaction for purposes of a constitutional due processes violation. *See generally Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 926 (1982) (holding that a due process claim requires state action). Indeed other courts have held that no due process claim is available following a non-judicial foreclosure in Arizona. For example, in *Robinson v. Bank of New York Mellon,* 2011 WL 810658, * 2 (D. Ariz. March 4, 2011), the Court stated:

> In *Kenly* [*v. Miracle Props.*, 412 F.Supp. 1072, 1074 (D.Ariz.1976)], this court expressly held that acts of a private trustee in conducting a non-judicial foreclosure under A.R.S. § 33–801, et. seq. did not constitute "state" action so as to invoke due process guarantees. 412 F.Supp. at 1077. The court found that in the context of non-judicial foreclosures it is not the power of the state that is being invoked, but rather, the private agreement itself. *Id.* at 1074. Furthermore, the court reasoned that the mere fact that state law regulates the residential mortgage business, does not convert mortgage lenders into state actors. *Id* . Absent overt state official involvement, there was "no nexus between a private sale pursuant to contract and the powers conferred by statute." *Id.*
> The United States Court of Appeals for the Ninth Circuit addressed the same

Thus, it appears given the holding in *Madison*, Plaintiffs' fail to state a claim under this theory because a lack of notice claim does not survive the § 33-811(C) waiver following the sale. Nonetheless, even if some type of failure of notice claim survives the § 33-811(C) waiver, the Court finds Plaintiffs in this case do not state a claim because they had actual notice. *See Kelly v. NationsBanc Mortg. Corp.*, 17 P.3d 790, 795, ¶ 25 (Ariz. App. 2000) (holding that if a valid notice of trustee sale is issued, Plaintiffs are responsible for keeping informed about the date of the sale). It is further undisputed that, in this case, Plaintiffs not only had actual notice, but Mr. Grady attended the sale. Accordingly, because Plaintiffs had actual notice, they cannot state a claim for lack of notice that survives the waiver of § 33-811(C). Accordingly, the motion to dismiss this claim will be granted.

## 2. A.R.S. § 33-807.01

Next Plaintiffs claim that Defendant failed to comply with A.R.S. § 33-807.01. A.R.S. § 33-807.01(A) states:

> For a property with a first deed of trust recorded on or after January 1, 2003 through December 31, 2008, if the borrower occupies the property as the borrower's principal residence, before a trustee may give notice of a trustee's sale for the property pursuant to § 33-808, the lender must attempt to contact the borrower to explore options to avoid foreclosure at least thirty days before the notice is recorded.

Here, the deed of trust on Plaintiffs' residence is within the time frame of the statute. Defendant argues, similar to the notice argument above, that the notice sent by the Bank of Elmwood in January 2009 was sufficient to comply with A.R.S. § 33-807.01. Alternatively, Defendants argue that A.R.S. § 33-807.01 does not create a private right of action. Doc. 21

---

issue with regard to Hawaii's Deed of Trust statute and reached the same conclusion. *Apao* [*v. Bank of New York*], 324 F.3d [1091] at 1095 [(9th Cir. 2003)]. The court reasoned that because the state merely authorized the parties to contract for foreclosure upon default there was no state action. *Id.*

However, perhaps this cause of action is unique to Arizona law. Alternatively, perhaps by invoking due process, the Arizona Court of Appeals meant to imply that in certain as-applied situations, § 33-811(C) could be unconstitutional because it might act to deprive a trustor of due process. *See generally*, *Roman Catholic Church of Anthony of Padua v. Pennsylvania R. Co.*, 207 F. 897, 907-08 (3rd Cir. 1913). Regardless, Plaintiffs have not brought a due process claim so the Court need not reach this issue.

- 8 -

at 11 (citing *Wright v. Chase Home Fin., LLC*, 2011 WL 4101513 (D. Ariz. Sept. 14, 2011) (holding that because A.R.S. § 33-807.01 does not expressly create a private right of action, it is presumed none exists)).

Assuming for purposes of this Order that the notice sent by Bank of Elmwood was inadequate to satisfy A.R.S. § 33-807.01 and that § 33-807.01 creates a private right of action (both hurdles Plaintiffs would have to overcome to state a claim under this theory), the Court finds that any potential cause of action under § 33-807.01 is subject to the waiver provision of § 33-811(C). Accordingly, because Plaintiffs failed to obtain an injunction prior to the 2012 sale, any potential claim under § 33-807.01 was waived. Therefore, the motion to dismiss this theory will also be granted.

### B.     Wrongful Disclosure

Count II of the complaint is for "wrongful disclosure." In this Count, Plaintiffs take issue with the manner in which the Trustee sale was conducted because potential buyers were not advised of Plaintiffs' potential claim against the property. Doc 1 at 46. Defendant moves to dismiss arguing there is no such cause of action under Arizona law. Plaintiffs did not respond to this argument in their response to the motion to dismiss. This Court has found no law to suggest that "wrongful disclosure" in this context is a cause of action. Accordingly, the motion to dismiss Count II will be granted. *See e.g. Jones v. Bank of Am.*, 2010 WL 2228517, *2 (D. Ariz. 2010).[7]

### C.     Declaratory Judgment Action

In *Auto Finance Specialists, Inc. v. AEDSA Phoenix, LLC*, 2010 WL 1925491, *5, n. 10 (D. Ariz. May 11, 2010), this Court held:

---

[7] In *Jones*, this Court dismissed a cause of action due to Plaintiffs' failure to cite to any law that such an action is or should be recognized in Arizona. 2010 WL 2228517, at *2 ("Plaintiff appears to be alleging that Defendant was negligent in breaching the contract. However, Plaintiff does not cite any legal authority indicating that Arizona recognizes a claim for negligent breach of contract, nor is the Court aware of any such authority. Seeing no cognizable legal theory to support this claim, the Motion to Dismiss Count two is granted.")

- 9 -

> In the event that Plaintiff is attempting to proceed under the federal Declaratory Judgment Act, the Court will briefly address it. The Declaratory Judgment Act gives federal courts the power to declare the rights and duties of parties to a dispute "upon the filing of an appropriate pleading." 28 U.S.C. § 2201(a). The Act does not create a separate cause of action, nor does it seem applicable in this case. Moreover, the Court did not receive an appropriate pleading under the Act.

This case suffers from a similar problem. Plaintiffs have a "Count" for declaratory judgment. Despite pleading declaratory judgment as a separate count, however, Plaintiffs clearly seek declaratory judgment as a remedy in this case. *See generally Snyder v. HSBC Bank, USA, N.A.*, 2012 WL 6698088, *12 (D. Ariz. Dec. 26, 2012). More specifically, in their response to the motion to dismiss, Plaintiffs state that their declaratory judgment request is based on their wrongful foreclosure claim. Doc. 16 at 23. Because the Court will dismiss the wrongful foreclosure claim, the declaratory judgment request will also be dismissed.

**D.   Quiet Title**

In *Gonzalez v. BAC Home Loans Servicing, LP*, 2013 WL 1092890, *5 (D. Ariz. March 15, 2013), this Court explained that:

> [P]laintiffs cannot bring a quiet title action under Arizona Revised Statutes § 12–1101 unless they have paid off their loan in full. *Farrell v. West*, 114 P.2d 910, 911 (1941); *Daghlan v. TBI Mortgage Co.*, 2013 WL 179452, at *9 (D. Ariz. Jan. 17, 2013). "[A] suit to quiet title is of equitable cognizance and in order to invoke equity one must do equity." *Belfer v. Lewis*, 281 P.2d 794, 796 (1955).

Like the plaintiffs in *Gonzalez*, Plaintiffs in this case have not alleged that they have paid off the debt. In the face of this law, Plaintiffs argue, "Paying the debt in full or tendering the proceeds are not required in a situation where the note and deed of trust were obtained by fraud in the inducement." Doc. 16 at 24. Plaintiffs cite nothing in support of this assertion of law.

The law of Arizona requires Plaintiffs to have paid their loan in full to bring a quiet title action, which they have not done. Accordingly, this Count will also be dismissed.

**IV.   Leave to Amend**

This Court has concluded that all of Plaintiffs claims will be dismissed. In their response, Plaintiffs ask for leave to amend if the Court grants the motion to dismiss. Doc 16

- 10 -

1 at 26. Defendant replies and argues leave to amend should be denied as futile.

2 As the Court of Appeals recently reaffirmed, "leave to amend should be granted with
3 extreme liberality." *Peterson v. Boeing Co.*, 2013 WL 1776975, *8 (9th Cir. April 26, 2013)
4 (internal citations omitted). The Court of Appeals has instructed that leave to amend should
5 be granted unless the court determines that the allegation of other facts consistent with the
6 challenged pleading could not possibly cure the deficiency. *Bonanno v. Thomas*, 309 F.2d
7 320, 322 (9th Cir. 1962).

8 Here, Plaintiffs have not provided a proposed amended complaint; therefore, the Court
9 does not know how Plaintiffs plan to amend. On this record, however, this Court cannot say
10 that no set of facts could cure the deficiencies in the Complaint.[8] Thus, the Court must allow
11 amendment in some form. The issue is whether the Court should make Plaintiffs move to
12 amend and attach a proposed amended complaint consistent with Local Rule Civil 15.1
13 (subject to Defendant opposing the motion to amend); or allow Plaintiffs to file their
14 amended complaint (subject to Defendant moving to dismiss).

15 Defendant's argument for why this Court should deny leave to amend, discussed
16 above, is futility. Because Defendant will be permitted to raise any "futility" argument it
17 may have in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and because
18 Plaintiffs have already moved to amend (albeit not in compliance with Local Rule Civil
19 15.1), the Court will allow Plaintiffs to file an amended complaint if they can do so
20 consistent with this Order.

---

[8] For example, in Plaintiffs' jurisdictional allegations in their complaint, they claim to have claims under the Dodd Frank Wall Street Reform and Consumer Financial Protection Act and the Truth in Lending Act. Doc. 1 at 2. Within their Complaint, Plaintiffs never based a count on either of these theories and the Court has not addressed them in the context of the motion to dismiss. Thus, the Court cannot say whether Plaintiffs could allege any set of facts under these theories in an amended complaint. Conversely, if Plaintiffs have no claim under either of these theories, Plaintiffs should NOT allege that this Court's jurisdiction is based on a federal question under federal law.

- 11 -

**V.    Request for Sanctions under Federal Rule of Civil Procedure 11**

Also pending before the Court is Defendant's motion for sanctions. The basis for the request for sanctions is primarily the history of litigation between the parties. More specifically, Defendant argues that this lawsuit is barred by this Court's holdings in the other on-going litigation between these two parties. *See* CV 11-2060-PHX-JAT. Particularly, Defendant argues that: (1) Plaintiffs' claims are not supported by the law (Rule 11(B)(2)), (2) Plaintiffs' complaint was filed for the purpose of delay and is frivolous (Rule 11(B)(1)); and (3) Plaintiffs' complaint has incorrect factual allegations (Rule 11(B)(3)). Doc. 10 at 9-16.

In CV 11-2060, this Court has held, in summary, that TCNB cannot be liable as a "successor" to Bank of Elmwood for actions of Bank of Elmwood because the required FIRREA exhaustion barred such liability. *See* CV 11-2060 Doc. 102 at 3, Doc. 80 at 2, Doc. 54, Doc. 47. However, the Complaint in this case (CV 12-2507) contains claims against Defendant solely for actions taken by Defendant since Defendant acquired the assets of Bank of Elmwood. Thus, unlike CV 11-2060 in which Plaintiffs seek to impose a type of successor liability on Defendant, this case is premised solely on Defendant's own actions. In various contexts, Courts have permitted claims to go forward regarding how a lender conducts a foreclosure.[9] Although this Court has found Plaintiffs have failed to state a claim in this case, this Court has not found that any claims herein are barred by res judicata based on CV 11-2060. Because the claims in this case are "new" claims, and because they could not have been brought in CV 11-2060 because TCNB is not a party to that case, the Court finds that the filing of this case does not justify imposing sanctions under Rule 11(B)(2) or Rule 11(B)(1).

TCNB's request for sanctions under Rule 11(B)(3) is based on what TCNB argues are

---

[9] *See Schrock,* 2011 WL 3348227, *6-8 (wrongful foreclosure); *Glazer v. Chaser Home Finance LLC*, 704 F.3d 453, 462 (6th Cir. 2013) (fair debt collection practices act); *O'Quin v. Bank of America*, CV 12-744-PHX-ROS, Doc. 33 at 4-7 (D. Ariz. September 10, 2012) (fair debt collection practices act).

- 12 -

1 | 237 different misstatements of fact. Doc. 10 at 20-72. The Court has reviewed each
2 | allegation contained in the chart attached to the motion. The overwhelming majority of these
3 | "facts" are really arguments or legal theories. Defendant asserts that Plaintiffs are precluded
4 | from advancing these arguments or theories by prior orders of this Court in CV 11-2060.
5 | While Defendant is correct that some of the arguments advanced in Plaintiffs' background
6 | section of their complaint are foreclosed by this Court's prior rulings, Plaintiffs do not base
7 | any of their allegations in this complaint on this factual background. Further, the rulings of
8 | this Court in CV 11-2060 are not "final" for purpose of res judicata.[10] Thus, the only basis
9 | for sanctions for reasserting these allegations would be that they are largely irrelevant.
10 | However, both parties have included significant information about the history of litigation
11 | regarding the residence in question in this case. Given the tangential relevance of this
12 | history, the Court does not find a basis for imposing sanctions based on the factual
13 | background of the complaint.

### VI. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion to dismiss (Doc. 5) is granted.

**IT IS FURTHER ORDERED** that the motion to amend (Doc. 16) is granted. Plaintiffs shall file an amended complaint by June 3, 2013 or the Clerk of the Court shall enter judgment, dismissing this case with prejudice.

**IT IS FURTHER ORDERED** that the motion for sanctions (Doc. 10) is denied.

///
///
///
///
///

---

[10] The Court will bar a claim based on res judicata when there is an identity of claims, a final judgment on the merits, and privity between parties. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

- 13 -

**IT IS FINALLY ORDERED** this Order amends and supersedes the Order of May 13, 2013 (Doc. 25).

DATED this 15th day of May, 2013.

James A. Teilborg
Senior United States District Judge